UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Case No. 03-12326RGS

*******************************

DIRECTV, INC.
    Plaintiff,

v.

MICHAEL D. LIUZZI
    Defendant.

*******************************

**ANSWER OF THE DEFENDANT, MICHAEL D. LIUZZI TO THE COMPLAINT FILED BY THE PLAINTIFF, DIRECTV, INC.**

COMES the Defendant, Michael D. Liuzzi, by counsel and for his Answer to the Complaint for Compensatory, Statutory and other Damages, and for Injunctive Relief filed by the Plaintiff, Directv, Inc., provides the following Answer:

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint is barred by the Statute of Limitations.

2. Plaintiff's Complaint is barred by the Doctrine of Laches.

3. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## ANSWER TO PLAINTIFF'S FACTUAL ALLEGATION

4. This Answering Defendant admits the allegations contained in paragraphs 1, 2, 4, 5, 6, 15, 17, 23, 24, 25, and 31 of Plaintiff's Complaint.

5. This Answering Defendant denies the allegations contained in paragraphs 19, 21, 21 (mis-numbered paragraph), 22, 27, 28, 29, 32, 33, 34, 36, 37, 39 and 41 of Plaintiff's Complaint.

6. This Answering Defendant is without sufficient knowledge or information with which to form a belief as to the truth or accuracy of the allegations contained in paragraphs 3, 7, 8, 9, 10, 11, 12, 13, 14, 16, 38, and 45 of Plaintiff's Complaint and therefore denies same.

7. This Answering Defendant admits that portion of paragraph 18 of Plaintiff's Complaint which alleges that Michael D. Liuzzi is a resident of Massachusetts, but specifically denies that he has legally modified Directv Access Cards or other devices that are designed to permit viewing of Directv's television programming without authorization by or payment to Directv.

8. This Answering Defendant admits that portion of paragraph 40 of Plaintiff's Complaint which alleges that Directv did not authorize or consent to Defendant's distribution of Pirate Access Devices to third parties, but affirmatively asserts that the Defendant has, at no time, engaged in such conduct.

9. This Answering Defendant admits that portion of paragraph 47 of Plaintiff's Complaint which alleges that Directv did not authorize or consent to Defendant's assembly, manufacture, or modification of Pirate Access Devices, but affirmatively asserts that the Defendant, has, at no time, engaged in such conduct.

10. All allegations in Plaintiff's Complaint not specifically admitted herein are hereby denied.

WHEREFORE, this Answering Defendant demands:

1. Plaintiff's Complaint be dismissed.

2. His costs herein expended, including reasonable attorneys fees.

3. Any and all other relief to which he may appear properly entitled.

Date: 3/4/04

Michael D. Liuzzi,
By his attorney,

Donald G. Kethro, Esq. (BBO # 543895)
Kethro & Thomas, P.C.
1165 Washington Street
Hanover, MA 02339
(781) 826-4450

CERTIFICATE OF SERVICE

I, Donald G. Kethro, Esq., hereby certify that on this 4th day of March, 2004 served a copy of the foregoing Answer to the Complaint filed by the Plaintiff by mailing same, postage prepaid to John M. McLaughlin, McLaughlin Sacks, LLC, 31 Trumbull Road, Northampton, MA 01060.

Donald G. Kethro, Esq.