# UNITED STATES DISTRICT COURT

## District of Massachusetts (Eastern)

| | |
|---|---|
| DIRECTV, INC. | )   Case No.: **03cv12326 RGS** |
| Plaintiff, | )<br>)   **JOINT STATEMENT OF THE PARTIES** |
| | )   **PURSUANT TO LOCAL RULE 16.1(D)** |
| vs. | )<br>) |
| Michael D. Liuzzi | )<br>) |
| Defendant | )<br>) |
| | ) |

Now come the Plaintiff, DIRECTV, and the Defendant, Michael D. Liuzzi and pursuant to Local Rule 16.1(D), do hereby submit the following Joint Statement to this Honorable Court.

## I.      PARTIES' CONFERENCE

John M. McLaughlin, Counsel for the Plaintiff and Donald G. Kethro, counsel for the Defendant, do hereby certify that they have teleconferenced, on the issues required be discussed pursuant to this rule on April 19, 2004.

## II.      SETTLEMENT PROPOSAL

Counsel for the Defendant, does hereby certify that he received a Settlement Proposal from the Plaintiff accompanying the Joint Statement, pursuant to Local rule 16.1(C).  Counsel for the Plaintiff does hereby certify that he presented said Settlement Proposal to the Defendant. At this time, the Defendant is not in a position to accept the Plaintiff's demand for settlement of the above matter.

## III.      MEDIATION

Prior to the initiation of the first phase of Discovery, the Parties agree to submit this

dispute to non-binding mediation before the Senior Judge or Magistrate pursuant to Local Rule

16.4(c)(4).  Thereafter should mediation be unsuccessful at resolving this matter this Court may

set a date as the initiation date for Discovery ("Post Mediation Discover Initiation Date") said

date being two weeks after the actual in-Court mediation.

#### IV.    JOINT STATEMENT AS TO DISCOVERY/MOTIONS

The following represents the Agreement of the Parties and is submitted to the Court such

that the Court can utilize same in devising the Scheduling Order.

1. **First Phase** of Discovery, **Non-expert Depositions and Paper Discovery** , 120 days From

Post Mediation Discovery Initiation Date.

The Parties propose that the first phase of discovery be for developing information

needed for a realistic assessment of the case.  This can best be achieved through Non-

expert depositions and written discovery,

The depositions of non-expert witnesses shall not exceed seven (7) hours per witness

unless leave of the Court has been obtained or a written stipulation of the parties has been

entered into to exceed said seven (7) hour limitation.  The parties may also utilize

subpoena duces tecum in conjunction with these non-expert depositions.

The Parties propose that the written discovery shall include, but not limited to,

interrogatories, requests for production, and requests for admissions.  Pursuant to Fed. R.

Civ. P. 33, interrogatories shall be limited to 25 in number, including sub-parts.  Pursuant

to Fed. R. Civ. P. 34, each person shall have the opportunity to submit two sets of

requests for production of documents and things to the other party.

2. **Second Phase** of Discovery, **Expert Discovery**, 120 days from the end of First Phase.

a.    The Parties propose that the second phase of discovery is expert discovery. To that end, the parties propose that the Plaintiff shall disclose to the Defendant all experts relied upon by said Plaintiff in its instant case no later than fifteen (15) days after the beginning of the second phase of discovery. The Defendant shall disclose to the Plaintiff all experts relied upon by the Defendant no later than thirty (30) days after the beginning of the second phase of discovery.

b.    The parties shall then have the right to conduct written expert discovery; this written discovery is in addition to the written discovery conducted in phase one. Written expert discovery shall be served by the close of business 60 days after the beginning of the second phase of discovery. The interrogatories of experts shall be no longer than fifteen questions, including sub-parts. Each party shall be entitled to one set of request for production of documents concerning the designated experts. Expert discovery is still subject to the usual obligations and privileges.

c.    The parties shall schedule all expert depositions to be held no later than 120 days after the beginning of the second phase of discovery.

d.    Absent the applicability of other provisions of this agreement set forth below all discovery should be completed by terminus date of the second phase of discovery, presumably 120 days after the beginning of the second phase of discovery. Discovery initiated but not completed in this phase, the first phase and the second phase may be completed in this third phase.

e.    During the second phase of discovery, which is presumably for expert discovery, each party shall also have the right to at least four (4) additional hours

of non-expert depositions.  These depositions will be in addition to depositions referenced in earlier phases of discovery.

## 3. Other Discovery Matters

a.   Whenever any discovery controversy arises to the point where motions are filed, all deadline dates as set forth above with reference to discovery shall be automatically extended to include the time necessary for the determination or settlement of the discovery dispute.

b.   Should other parties be brought into this action during the course of the action, parties and the new party shall still have the same rights as to the discovery set forth in phases 1 and 2.  To the extent possible, the parties, including the new party/parties, shall endeavor to maintain the existing discovery schedule.  However, if a new party or parties are brought into this action and some or all of the pre-discovery phases have already gone by then the parties and any new party or parties will have the right to at least one additional phase of discovery, being 90 days long during which the parties shall endeavor to utilize all the forms of discovery referenced in phases one, two and three above.

c.   The parties by written stipulation, extend or modify the terms and/or deadlines set forth herein.

## 4. Motions

d.   With respect to motions, the parties submit that any motions filed under Fed. R. Civ. P. 12, 13, 14, and 15 shall be filed no later than sixty (60) days after the end of the final phase of discovery (taking into account that the second and presumably the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy).  Furthermore,

motions pursuant to Fed. R. Civ. P. 56 shall be filed no later than 120 days after the end of the final phase of discovery (again taking into account that the third and presumably the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy).

## V.    CERTIFICATION

Counsel for the Plaintiff, counsel for the Defendant and the Parties certify by their signatures below and all pursuant to Local Rue 16.1(D) that each Party and said Parties Counsel have conferred as to:

1.    Establishing a budget for the cost of conducting the full course and various alternative courses of litigation; and,

2.    To consider the resolution of litigation to the use of alternative dispute resolution programs.

## VI.    CONSENT TO APPEAR BEFORE A MAGISTRATE

The Plaintiff and Defendant are amenable to Trial before a Magistrate.

Respectfully Submitted for the Plaintiff,
By Its Attorney,

John M. McLaughlin
**McLaughlin Sacks, LLC**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
BBO No. 556328

Date 4/19/04

John Green, for Plaintiff
Senior Staff Counsel

Respectfully Submitted for the Defendant By His Attorney,

Donald G. Kethro
1165 Washington Street
Norwell, MA 2061
781-826-4450

The Defendant,

Michael D. Liuzzi
493 Mount Blue St.
Norwell, MA 2061